United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Martha Lima,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Criminal Case No. 16-20088-CR-Scola

Inmate No. 13092-104

### Order on Defendant's Motion for Release of Lien on Property

Now before the Court is the interested parties' motion for release of lien on property. (ECF No. 132.) This matter was before the Court for a telephonic hearing on May 26, 2020 and an evidentiary hearing via videoconference on June 26, 2020. After considering the parties' argument, the record, the written submissions, and the relevant legal authorities, the Court **denies** the Defendant's motion (**ECF No. 138**).

The Defendant Luis Lima pled guilty to conspiracy to commit wire fraud and wire fraud, and the Court sentenced him to 60 months in prison and ordered him to pay $16,298,000.00 plus interest in restitution. Lima agreed to forfeit his interest in ten properties, including 2026 NW 7th Street, Miami, FL 33125 ("the property"). Ultimately the Government declined to pursue forfeiture of the property. (ECF No. 138 at 2.) However, the Government recorded its Notice of Lien for Fine and/or Restitution in Book 30744, Page 3862, of the Public Records of Miami-Dade County, Florida. (ECF No. 138 at 2.) The Notice states that the lien is "in favor of the United States upon all property belonging to the person fined or ordered to pay restitution." (*Id.*)

On March 20, 2019, Luis Lima conveyed the property to his girlfriend Noemi Anet Estrada De Armas ("Estrada") for $10.00 via Quit Claim deed. (*Id.*) Estrada's son Dagoberto Dominguez paid $5,839.13 in past due property taxes for the years 2016, 2017, and 2018. (*Id.*) Estrada now intends to sell the property, and she, Dominguez, and his girlfriend Darling Duarte (collectively "interested parties") now file this motion to release the restitution lien arguing that the Government abandoned its claim to Mr. Lima's interest in the property when it determined that the land had no value. The Court does not agree.

A restitution judgment creates a lien in favor of the United States on all of the defendant's property. 18 U.S.C. § 3613(c). This lien is perfected once a Notice of Lien has been filed with the Clerk of Courts in the county where the real property lies. Real estate transfers do not affect an existing restitution lien. *United States v. De Cespedes*, 603 Fed. App'x 769, 772 (11th Cir. 2015) ("And

the transfer of De Cespedes's interest to Lazaro did not affect the existing restitution lien attached to the property because 'it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere'").

The interested parties do not cite any authority holding that a federal restitution lien attached to an equitable interest in real property is extinguished if the interest is transferred, nor any authority holding that the Government's decision not to forfeit a property extinguishes a restitution lien. To the contrary, the interested parties cite to *United States v. Zhuang*, a case from the Central District of California where the government recorded a restitution lien on the defendant's property even though it did not seek to forfeit that property. 2019 WL 7882086, at *4 (C.D. Cal. Dec. 10, 2019) ("the government's decision to record an MVRA lien on the San Dimas property is *not* inconsistent with its representations, made during Yeung's criminal proceedings, that the government 'agrees not to seek *forfeiture* of the San Dimas property in connection with this case'").

To the extent that the interested parties argue that the Government is equitably estopped from maintaining a restitution lien, their argument fails. In addition to the traditional elements of estoppel, "when estoppel is sought against the government, there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Id.* at *3 (determining that the government's failure to explain that even though the property would not be forfeited, it will be subject to a restitution lien is not affirmative misconduct warranting estoppel); *see also Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1320 (11th Cir. 2003) ("to demonstrate that he is entitled to assert equitable estoppel against the Government, he must establish the traditional requirements for equitable estoppel and that the Government engaged in affirmative and egregious misconduct"). Here, there are no allegations of affirmative or egregious Government misconduct, and therefore any argument that the Government is equitably estopped fails.

Finally, Estrada cannot claim status as a bona fide purchaser because she was on notice of the Government's lien at the time that the property was transferred to her. A bona fide purchaser is "one who buys something for value without notice of another's claim to the property." *In re Hedrick*, 524 F.3d 1175, 1181 (11th Cir. 2008). "Whether an event is enough to put a purchaser on notice is determined by state law." *Id.* Under Florida law, publicly recording the lien puts a purchaser on actual notice. *See DGG Development Corp. v. Estate of Capponi*, 983 So. 2d 1332, 1234 (Fla. 5th DCA 2008) ("[s]uccessors in title take title subject to those interests of which they have notice. Forms of notice include possession, actual notice and constructive notice of publicly-recorded matters.").

In sum, the Court **denies** the interested parties' motion for release of lien on property (**ECF No. 138**).

**Done and Ordered** in Chambers at Miami, Florida, on June 29, 2020.

_____
Robert N. Scola, Jr.
United States District Judge