United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) |
| Luis Lima, Defendant. | ) ) ) |

Criminal Case No. 16-20088-CR-Scola

### Order on Defendant's Motion To Determine Debtor Lima's Value In The Real Property Located At 2026 NW 7th Street, Miami, Florida 33125

Now before the Court is the interested parties' motion to determine debtor Lima's value in the real property located at 2026 NW 7th Street, Miami, Florida 33125. (ECF No. 165.) This matter was before the Court for a telephonic hearing on September 3, 2020. (ECF No. 171.) Both the government and interested parties were given the opportunity to present evidence or testimony in support of their positions and both parties declined the invitation to do so. After considering the parties' argument, the record, the written submissions, and the relevant legal authorities, the Court **denies** the interested parties' motion (**ECF No. 165**). The Court **orders** the relief sought by the government in its opposition to the interested parties' motion, with certain modifications as detailed in this order.

1. **Background**

The Defendant Luis Lima pled guilty to conspiracy to commit wire fraud and wire fraud, and the Court sentenced him to 60 months in prison and ordered him to pay $16,298,000.00, plus interest in restitution. As of April 27, 2020, the outstanding balance of Lima's restitution is $16,297,153.10. (ECF No. 168 at 2.) Lima agreed to forfeit his interest in ten properties, including 2026 NW 7th Street, Miami, FL 33125 ("the property"). Ultimately the Government declined to pursue forfeiture of the property after finding the property had no value. (ECF No. 165 at 2.) However, on November 3, 2017, the Government recorded its Notice of Lien for Fine and/or Restitution in Book 30744, Page 3862, of the Public Records of Miami-Dade County, Florida. (ECF No. 168 at 2.) The Notice states that the lien is "in favor of the United States upon all property belonging to the person fined or ordered to pay restitution." (ECF No. 168 at 2.)

On March 20, 2019, Luis Lima conveyed the property to his girlfriend Noemi Anet Estrada De Armas ("Estrada") for $10.00 via Quit Claim deed. (ECF

No. 168 at 2.) Since coming into ownership of the property, Estrada has paid $5,839.13 in past due property taxes for the years 2016, 2017, and 2018. (ECF No. 169 at 7.) Additional tax payments have been made for the years 2019 and 2020, totaling $3,030.74. (ECF No. 169 at 7.) In total, Estrada has paid $8,869.87 in property taxes since taking ownership of the property. (ECF No. 169 at 7.) Estrada also claims to have spent $3,950.00 "bringing the property up to code and maintaining it." (ECF No. 165 at 5.) On February 28, 2020, Estrada entered into a contract to sell the property for $110,000.00. (ECF No. 168 at 2.) On April 30, 2020 Estrada filed a motion to release the government's lien on the property, which this Court denied on June 30, 2020. (ECF Nos. 132, 164).

Estrada, Dagoberto Dominguez, and his girlfriend, Darling Duarte (collectively "interested parties") now file this motion asking the Court to determine debtor Lima's value in the real property located at 2026 NW 7th Street, Miami, Florida 33125. The interested parties argue that the value of the property for purposes of this motion should be limited to the value of the property when Lima transferred it to Estrada, thereby limiting the amount the government can collect on its lien. (*See* ECF No. 165.) Alternatively, Estrada offers to pay $15,000.00 in satisfaction of the lien. (ECF No. 169 at 2.) The government, however, argues that they should benefit from any appreciation in the value of the property subsequent to the transfer to Estrada. The Court agrees with the government.

## 2. Analysis

In support of their motion, the interested parties rely on *United States v. Sherrill* as authority for the position that this Court should look at the time of transfer to determine the value of the property. 626 F. Supp. 2d 1267 (M.D. Ga. 2009). Their reliance is misplaced. In *Sherrill*, the court wound back the clock to look at the value of a property at the time of the transfer, prior to a fraudulent conveyance because the property had subsequently diminished significantly in value. The Court noted "the only way to restore the parties to the position they occupied before the fraudulent conveyance[ was] made is to" look at "the equity of the properties at the time of the fraudulent conveyances." *Sherrill*, 626 F. Supp. 2d at 1275. Contrary to the interested parties' argument, the government's recovery on its lien is not limited to the value at the time of transfer. Courts have permitted the government to appreciate the windfall of properties it has an interest in under a variety of circumstances and the same result should be reached here. *See United States v. Smith*, 2012 WL 4377840, at *1 (equitable lien) ("the government requests that it be allowed the benefit of any further appreciation in the property that is subject to the lien . . . I agree."); *United States v. Reed*, 924 F.2d 1014, 1017 (11th Cir. 1991) (RICO substitute property forfeiture) ("we hold that the government is entitled to any increase in the property's value."); *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992) (bankruptcy)

("[a]ny increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor."); *In re O'Callaghan*, 342 B.R. 364, 368 (M.D. Fl. 2006) (tax lien) ("[a]ny increase in the value of property that secures a lien accrues to the benefit of the lien holder . . . [t]his principle was confirmed by the Supreme Court of the United States in *Dewsnup* . . . ."). Accordingly, the government may recover the full value of the property, irrespective of its value when transferred from Lima to Estrada.

The interested parties improperly raise for the first time in their reply that Estrada is a good faith transferee because she knew that there was "no intent to defraud the government" when the property was transferred to her. (ECF No. 169 at 5.) This argument is not properly before this Court, but even if it were, this argument also fails. *Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("[a]s we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."); *Willis v. DHL Global Customer Solutions (USA), Inc.*, 2011 WL 4737909, at *3 (S.D. Fl. Oct. 7, 2011) (same, collecting cases). Assuming (without concluding) that Estrada was a good faith transferee, she did not take the property for value as is required under 28 U.S.C. § 3307. *Sherrill*, 626 F. Supp. 2d at 1275 n.8; *Id.* at 1276 n.11 (finding a good faith transferee who does not take for value is not protected under the statute). While the interested parties claim that the property had no value and therefore $10.00 was fair consideration for the property, the interested parties' Exhibit A shows that, on April 14, 2017 the property was appraised as worth $52,374.00. (ECF No. 165, Ex. A); *see also* (ECF No. 138, at 9) ("The Miami-Dade Property Appraiser assessed this mortgage free property at . . . $96,900.00 for the year 2019."). Accordingly, the property had significant value when Lima transferred the property to Estrada on March 20, 2019. Accordingly, Estrada is not a good faith transferee who took for value under 28 U.S.C. § 3307 and the government may collect the full value of the property in satisfaction of its lien.

### 3. Conclusion

The Court **denies** the interested parties' motion (**ECF No. 165**). The Court **orders** the relief sought by the government in its opposition to the interested parties' motion, with certain modifications as detailed below:

- The interested parties shall provide a copy of the HUD-1 or Closing Disclosure Form immediately to the government for review;
- The government's recorded lien is recognized up to present value of the property;
- The interested parties should receive a credit for taxes paid in the amount of $8,869.87, an additional credit for the $3,950.00 spent maintaining and bringing the property up to code, and the remaining proceeds, up to the

- outstanding restitution judgment, should be applied to Lima's restitution judgment consistent with 18 U.S.C. 3612; and
- The sale of the property be permitted to go forward on or before September 9, 2020, with the purchase price, less $12,819.87, to be deposited in the court's registry if there is no consensus as to settlement charges or distribution.

**Done and Ordered** in Chambers at Miami, Florida, on September 8, 2020.

Robert N. Scola, Jr.
United States District Judge